**Diane KNIGHT, Plaintiff,**

v.

**TOWN OF NORTH HERO, VERMONT, John P. Miller, in his official capacity as Chairman of the Town of North Hero Selectboard and in his personal capacity, and Jean Hutchins, in her official capacity as Town Clerk and Treasurer for the Town of North Hero, and in her personal capacity, Defendants.**

No. 2:96–CV–288.

United States District Court, D. Vermont.

July 31, 1997.

Richard Thomas Cassidy, Hoff, Curtis, Pacht, Cassidy & Frame, P.C., Burlington, VT, for Diane Knight.

Robert H. Erdmann, Dinse, Erdmann, Knapp & McAndrew, Burlington, VT, for Town of North Hero, John P. Miller and Jean Hutchins.

### OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff Diane Knight ("Knight") has brought this action for wrongful discharge stemming out of her termination as Assistant Town Clerk for Defendant Town of North Hero ("the Town") under several theories of federal and state law. Pending before the Court is Defendants' Motion for summary judgment.

### I. Factual Background

The following facts are not in dispute. Knight was employed by the Town as a part-time Assistant Clerk and Assistant Treasurer for approximately eight years, until she was fired on March 10, 1995. At all relevant times, Defendant John Miller was Chairman of the Town of North Hero's Selectboard, and Defendant Jean Hutchins was Town Clerk and Treasurer.

On March 7, 1995, Knight attended the annual Town Meeting in North Hero, which was held in the North Hero town hall. Representatives of the Town were also in attendance. At the Town Meeting, the Town placed before the voters a budget article

concerning the salary and compensation of Knight. During the discussion of this item, voters at the Town Meeting asked Knight various questions regarding her duties and salary as Assistant Town Clerk. She then expressed her concern about a computer system recently purchased by the Town for accounting purposes, which Knight was required to use in the course of her job. No one at the Town Meeting had asked about the accounting system and no one else in attendance addressed the issue.

Knight did not work on March 8, 1995, the day after the Town Meeting, because Town offices were closed for normal business. On Thursday, March 9, 1995, Knight called Defendant Hutchins and informed her that she would not be able to go to work because a severe snow storm had closed the local schools, and Knight was required to care for her school-age child.

On Friday, March 10, 1995, Knight returned to work, where, by letter dated March 10, 1995 and signed by Defendant Hutchins, she was terminated, effective immediately. On that same date, she received a check for current payment and severance pay, which had been drawn up in advance.

Knight filed the present action on August 28, 1996. The First Amended Complaint alleges that her discharge was in violation of 42 U.S.C. § 1983 because she was terminated for exercising her First Amendment rights of free speech and free assembly. In addition, Knight alleges that her termination was in violation of the free speech and free assembly rights provided by Articles 13 and 20, respectively, of the Vermont Constitution, and that it was in violation of a compelling public policy under Vermont law. Knight also asserts a claim for punitive damages pursuant to § 1983 and state law. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

*II. Discussion*

Summary judgment may only be granted if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265

(1986). At the summary judgment stage, "the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The Court is to take the non-movant's version of the facts as true, and all inferences are to be drawn in his or her favor. *Id.* at 255, 106 S.Ct. at 2513–14.

Defendants have argued that Knight's speech regarding the computer system was not a matter of public concern, and therefore is not protected by the First Amendment. However, the Court concludes that her comments constituted protected speech under the First Amendment.

■ It is beyond dispute that when acting as an employer, the government may regulate the speech of its employees far more freely than it may the speech of the public at large. *See Waters v. Churchill,* 511 U.S. 661, 671–72, 114 S.Ct. 1878, 1885–86, 128 L.Ed.2d 686 (1994) (plurality); *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983). In *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 283–87, 97 S.Ct. 568, 574–76, 50 L.Ed.2d 471 (1977), the Supreme Court set forth a three-step process which a public employee plaintiff must meet to prove her First Amendment claim: the plaintiff must show (1) that the speech was constitutionally protected; (2) that she suffered an adverse employment action; and (3) that the protected speech was a "substantial" or "motivating" factor for the retaliatory conduct. If the plaintiff meets her burden on all three of these steps, the defendant may then demonstrate, by a preponderance of the evidence, that it would have undertaken the same adverse employment action "even in the absence of the protected conduct." *Id.* at 287, 97 S.Ct. at 576.

■ In order for the speech of a public employee to be protected under the First Amendment, the employee must establish that the speech relates to a matter of public concern, and that the employee's interest in expressing his or herself on the matter is not

outweighed by any injury the speech could cause to " 'the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.' " *Connick,* 461 U.S. at 142, 103 S.Ct. at 1687 (quoting *Pickering v. Board of Educ. of Township High Sch. Dist.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1735, 20 L.Ed.2d 811 (1968)). Whether a plaintiff's speech addresses a matter of public concern is a question of law for the court to determine "by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147–48, n. 7, 103 S.Ct. at 1690, n. 7. Thus, the Court is required to consider "both the nature of the speech and the nature of the services performed by the employee." *Blum v. Schlegel,* 18 F.3d 1005, 1011 (2d Cir.1994).

■ Defendants in this case have sought to characterize Knight's statement at the Town Meeting regarding the Town's computer system as strictly a matter of personal concern. They contend that the computer system was essential for generating financial data, and that Knight had refused to use the system despite the fact that she was offered training and urged to take it. She also complained about the system to Defendant Hutchins on several occasions. Moreover, Defendants contend, the computer system was never an issue at the Town Meeting, but was instead raised by Knight when she was asked about her salary and duties as Assistant Town Clerk.

The mere fact that Knight objected to a computer system which she was required to use in the course of her job does not automatically render her complaint about the system a matter of private concern. Indeed, her first-hand familiarity with the computer system and its alleged inadequacies may provide Knight with special insight into how the workings of the Town might be improved. "Government employees are often in the best position to know what ails the agencies for which they work; public debate may gain much from their informed opinions." *Waters,* 511 U.S. at 674, 114 S.Ct. at 1887 (citing *Pickering,* 391 U.S. at 572, 88 S.Ct. at 1736–37). While Defendants view Knight's state-

ment as non-responsive to the questions posed to her, the Court recognizes that Knight's comment was made in the context of a discussion of various fiscal items. The Court concludes that the efficacy of the Town's accounting system is a "matter of political ... concern to the community," and is therefore a matter of public concern. *Connick,* 461 U.S. at 146, 103 S.Ct. at 1689–90.[1]

The second requirement of *Connick,* that the plaintiff's speech interest not outweigh the Town's interest in promoting the efficiency of the public services offered by its employees, is also met. Defendants have failed to demonstrate that Knight's speech so impairs the efficient functioning of the Town as to swing the balance in its favor. Indeed, Defendants have admitted to Paragraph 15 of the First Amended Complaint, which states: "Plaintiff's speech and conduct in [the Town Meeting] had no adverse effect on the efficient performance of her public duties."

■ As Knight has obviously suffered an adverse employment action, the remaining issue under *Mt. Healthy* is whether there is a causal connection between Knight's speech and the Town's decision to fire her, and in particular, whether the protected speech was a "substantial" or "motivating" reason for her termination. The Court finds that there exists a genuine factual dispute as to this issue.

The Town has argued that the decision to fire Knight was made on March 7, 1995, prior to the Town Meeting. However, Knight has stated in her answers to Defendants' interrogatories that when she asked Defendant Miller why she was fired, he told her it was because of her comments at the Town Meeting. Miller denies this charge. Knight also states that Jeff Williams, the outgoing Chair of the School Board of North Hero, wrote a letter to *The Islander,* a local newspaper, entitled "Explanation of Assistant Clerk Change." In that letter, he allegedly stated that Knight's "negative" comments at the Town Meeting had created a "basic conflict" between the Town and Knight. These sworn allegations, taken together with the temporal

---

1. The Court makes this determination based on the record evidence currently before it. However, the Court may reconsider the issue at trial if the evidence in the case so requires.

proximity of Knight's comments to her termination, demonstrate a genuine dispute as to the cause for Knight's termination. This is quintessentially the type of dispute to be resolved by the finder of fact. As the Second Circuit has made clear, summary judgment should be used only sparingly where, as here, the material fact at issue is an employer's intent, motivation, or state of mind. *Dister v. Continental Group. Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988).

### III. Conclusion

Based on the foregoing analysis, Defendants' Motion for Summary Judgment (Paper No. 22) is hereby DENIED.